IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ARTHUR L. HARRIS,
NEHEMIAH JEFFERSON, and
WILLIE L. JONES,                                                                   PLAINTIFFS

v.                                Case No. 5:12-cv-00203-KGB

UNION PACIFIC RAILROAD COMPANY                                DEFENDANT

## OPINION AND ORDER

Before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") motion to sever (Dkt. No. 6). Plaintiffs have responded in opposition (Dkt. No. 9). Union Pacific asks the Court to sever the claims of the individual plaintiffs, or, alternatively, to order that the claims of each plaintiff be tried separately. For the reasons set out below, Union Pacific's motion is denied.

### I.     Introduction

Arthur L. Harris, Nehemiah Jefferson, and Willie L. Jones bring this action against Union Pacific pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*. They allege they were exposed to asbestos while employed by Union Pacific and that the asbestos exposure caused asbestos-related lung diseases. Union Pacific argues that plaintiffs' claims have been improperly joined under Rule 20 of the Federal Rules of Civil Procedure and requests the Court sever the claims pursuant to Rule 21. Alternatively, Union Pacific seeks to have the Court order separate trials for each plaintiff pursuant to Rule 42(b).

### II.    Joinder

Rule 20(a) provides that "[p]ersons may join in one action as plaintiff if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions and occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a).  Rule 21 provides a remedy for improper joinder under Rule 20 by providing that "on motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.

In *Mosley v. General Motors Corp.*, the Eighth Circuit stated that the purpose of joining parties under Rule 20 is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.  Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." 497 F.2d 1330, 1332 (8th Cir. 1974).  The court warned, however, that permissive joinder is not applicable in all cases.  *Id.* at 1333.  Rather, plaintiffs must meet both elements of Rule 20.  *Id.*

The Eighth Circuit has adopted a flexible understanding of the transaction-or-occurrence requirement, holding that "all *logically related* events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (emphasis added).  "Absolute identity of all events is unnecessary." *Id.*  "The purpose of Rule 20(a) is to address 'the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 243 (E.D. Mo. 2004) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966)).  Of course, "the mere fact that . . . claims arise under the same law does not necessarily establish a common question of law or fact." *Smith*, 225 F.R.D. at 245.

Here, each plaintiff worked at Union Pacific for a period of time and their employment dates largely overlap.  Each plaintiff worked at some point for Southern Pacific, which was later acquired by Union Pacific.  Mr. Jefferson worked for both Southern Pacific and Missouri Pacific,

both of which were acquired by Union Pacific.  Mr. Harris was employed from 1972-2003 as a machinist; Mr. Jefferson was employed from 1967-2002 as a boilermaker, trackman, and blacksmith; and Mr. Jones was employed from 1972-2000 as an electrician.

Union Pacific asserts without factual support that the level, duration, and frequency of plaintiffs' asbestos exposure levels varied such that severance is required.  Union Pacific asserts that each plaintiff's claim requires highly specific factual investigation and evidence.  Although Union Pacific has demonstrated that these plaintiffs held different positions, had different duties, and worked in some different locations, the factual claims of these plaintiffs are logically related.  Moreover, Union Pacific has not demonstrated how the positions held by the plaintiffs resulted in different asbestos exposure.  Plaintiffs assert that, despite their different positions, each "worked on locomotives throughout their careers" (Dkt. No. 9, ¶ 18).

Union Pacific also asserts that these plaintiffs have different medical histories and different histories regarding cigarette smoking, but Union Pacific will investigate these background issues unique to each plaintiff regardless of whether these claims are joined or separate.  The evidence presented regarding these alleged differences is not sufficient to warrant severance.

Each plaintiff claims that he has been diagnosed with an asbestos-related lung disease and alleges that his exposure to asbestos occurred while employed by Union Pacific.  Each plaintiff alleges that he suffered injury as a result of the same set of alleged negligent acts and omissions.  Plaintiffs' claims thus arise out of the same series of transactions and occurrences and contain related questions of fact.  There will be common questions of law given the nature of the allegations and because each plaintiff sues under the FELA.  For these reasons, the Court

finds that these claims are properly joined under Rule 20. Therefore, the motion, insofar as it requests the Court sever plaintiffs' claims, is denied.

### III. Separate Trials

Union Pacific seeks, in the alternative, to have this Court order separate trials under Rule 42(b). Rule 42(b) gives a court the discretion to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" when doing so would be convenient, avoid prejudice, or expedite and economize litigation. Fed. R. Civ. P. 42(b). The party seeking separate trials has the burden of showing that separate trials will promote convenience, expedite the proceedings, or avoid unfair prejudice. *Higgins v. Dankiw*, No. 8:08-cv-15, 2009 WL 764555, *4 (D. Neb. Mar. 20, 2009). In deciding a motion for separate trials, "a court should consider the interests of judicial economy and avoiding confusion." *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983).

In this case, Union Pacific asserts that it will be prejudiced and that there will be substantial jury confusion if these claims are tried together. Each plaintiff alleges that he was exposed to asbestos because of his employment at Union Pacific and alleges that the exposure caused asbestos-related lung disease. The Court concludes based on the materials before it that Union Pacific has not met its burden to show that trying these claims separately will promote convenience, expedite the proceedings, or avoid unfair prejudice. At this point, there is insufficient evidence in the record to demonstrate that the plaintiffs' exposure levels, use of equipment, or location of work is so different or that the plaintiffs' medical histories, exposure to cigarettes, or other factors are so different that separate trials are necessary. Indeed, Union Pacific has presented mostly conclusory allegations in support of its request.

This denial of Union Pacific's alternative request for separate trials is without prejudice. If, as this case develops, additional facts or circumstances arise that show separate trials may be warranted, Union Pacific may renew its motion for separate trials.

\* \* \*

Union Pacific's motion to sever these claims is denied. Union Pacific's alternative request for separate trials is denied without prejudice.

SO ORDERED this the 22nd day of March, 2013.

_____
Kristine G. Baker
United States District Judge